# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARK A. WEISS,

        Plaintiff,

v.                                                                    Case No. 07-C-0921

RAY C. BRANTLEY, SR., D. JARVELA,
K. MIKUTIS, LT. PUIDOKAS, J. LAVONOWICH,
A. MOLINARO, J. MARSH and DEPUTY BOLLOUS,

        Defendants.

# ORDER

      Plaintiff, Mark Weiss, a prisoner confined at the Kenosha County Detention Center (KCDC), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff has moved for leave to proceed *in forma pauperis* and has filed a "motion for discovery." Both of these motions will be addressed below.

      The plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of his trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average

monthly deposits to or the average monthly balance in his trust account for the six-month period immediately preceding the filing of the complaint. *Id.*

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. In accordance with this court's order of December 27, 2007, the plaintiff has paid the initial partial filing fee of $16.33.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## I. SCREENING OF COMPLAINT UNDER 28 U.S.C. § 1915A(a)

### A. Factual Allegations

The plaintiff has named the following persons as defendants in the complaint: Ray C. Brantley, Sr. (an inmate at the KCDC), D. Jarvela, K. Mikutis, Lt. Puidokas, J. Lavonowich, Reporting Officer A. Molinaro, Deputy J. Marsh and Deputy Bollous.[1]

The plaintiff alleges that he was assaulted by defendant, Ray C. Brantley, Sr., a fellow inmate, on August 19, 2007. As a result of the incident with inmate Brantley, plaintiff received a conduct report and he was placed in segregation for three days. Complaint at 3-4. He maintains that the placement in segregation for three days was "psychological torture" because his cell was placed near inmate Brantley who continued to threaten him which caused him to fear for his life. Complaint at 4. In addition, he asserts that his placement in segregation violated his civil rights because, during his three day confinement, he "lost [his] job and lost [his] earned good time for earlyer [sic] release." Finally, he asserts that the defendants failed to protect him from the assault and threats made by inmate Brantley.

As relief, he is requesting compensation for the three days in segregation in the amount of $300,000, that he be "payed in cash for all the hours [he] worked in

---

[1] In his Petition and Affidavit to Proceed Without Prepayment of Fees (Docket #2), the plaintiff has also listed the KCDC as a defendant but that entity is not named in the caption or in the body of the complaint. In addition, correspondence from the plaintiff regarding his case refers to the State of Wisconsin as a defendant but that defendant also has not been named as a defendant in the caption or body of the complaint. *See* Letter from plaintiff dated November 8, 2007 (Docket #3). Because it is unacceptable for the court to add litigants on its own motion, the court will not amend the caption in this case to include these two entities as defendants. *See Myles v. United States*, 416 F.3d 551, 553 (7th Cir. 2005). Further, the Clerk of Court will be directed to remove these entities from the list of defendants on the docket sheet.

kitchen at a pay scale of what the cook's [sic] get paid that are working for KCDI [sic]" and "2 million dollars for being abused and assaulted and attacted [sic] by him at a county detention center . . . ."  (Complaint at 4-5.)

**B.    Analysis**

As noted above, the plaintiff has named Ray C. Brantley, Sr., the inmate who assaulted him, as a defendant.  To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must show the deprivation of a constitutional right by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988).  Another inmate is not a "state actor" as contemplated under section 1983.  *Almond v. State of Wisconsin*, 2006 WL 2473007 (W.D. Wis. Aug. 23, 2006) (unpublished); *Mark v. Imberg*, 2005 WL 1587797 (W.D. Wis. July 6, 2005) (unpublished) (citing *Morfin v. City of East Chicago*, 349 F.3d 989, 1003 (7th Cir. 2003) (listing factors to consider in determining whether private citizen may be considered state actor for purpose of § 1983)).  Accordingly, defendant Brantley will be dismissed from this action.

As the court reads plaintiff's complaint, he is advancing a number of procedural due process claims.  Specifically, he insists that he was deprived of his liberty when he was placed in disciplinary segregation, when he lost his prison job as a result of such placement and when he received inadequate pay for his prison job.  When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law.  *Zinermon v. Burch*,

- 5 -

494 U.S. 113, 125 (1990). Without a loss of a protected liberty or property interest, the court will not go on to evaluate the process due. *Id.*

In *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995), the Supreme Court held that liberty interests "will be generally limited to freedom from restraint which ... imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See also, Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005). After *Sandin*, in the prison context, protected liberty interests are essentially limited to the loss of good time credits because the loss of such credit affects the duration of an inmate's sentence, *see Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997) (when sanction is confinement in disciplinary segregation for a period not exceeding the remaining term of prisoner's incarceration, *Sandin* does not allow suit complaining about deprivation of liberty), and to long-term confinement in extraordinarily restrictive environments such as super maximum prisons, *see Wilkinson v. Austin*, 545 U.S. 209, 227 (2005). Discipline in segregated confinement does not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest. *Sandin*, 515 U.S. at 485; *see also Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (prison inmate's 70-day confinement in disciplinary segregation was not "atypical and significant" deprivation of prisoner's liberty and thus did not implicate liberty interest protectable under due process clause; prisoner has no liberty interest in remaining in the general prison population).

In *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir.1996), the Court of Appeals for the Seventh Circuit held that the loss of "social and rehabilitative activities" is not an "atypical and significant hardship" that raises constitutionally actionable rights under *Sandin*, 515 U.S. 472. Further, in *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir.1992), the court stated expressly that a prisoner has no protected liberty interest in a prison job. The appellate court in *Vanskike* also recognized that the Constitution does not require that prisoners be paid for their work. *Id.* ("[T]here is no Constitutional right to compensation for [prison] work; compensation for prison labor is by 'grace of the state'") (quoting *Sigler v. Lowrie*, 404 F.2d 659, 661 (8th Cir. 1968)).

It is unclear whether the plaintiff is alleging that he had a property interest in wages already earned. However, such a claim also fails. This is so because, as long as state remedies are available for the loss of property, neither intentional nor negligent deprivation of property gives rise to a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517 (1984). The state of Wisconsin provides a number of post-deprivation procedures for challenging the alleged wrongful taking of property. For example, Wis. Stat. § 810.01 provides a remedy for the retrieval of wrongfully taken or detained property, and Wis. Stat. § 893 contains provisions concerning tort actions to recover damages for wrongfully taken or detained personal property and for the recovery of the property. Because the plaintiff has post-deprivation procedures available to him in state court, he

cannot claim that the state deprived him of due process in the taking of any earned income.

In light of this precedent, the court finds that the plaintiff has failed to state a claim that respondents violated his procedural due process rights when he was placed in disciplinary segregation, when he lost his job, or when he received an inadequate amount of pay for his work. Hence, such claims will be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

The plaintiff also appears to allege that he was deprived of a liberty interest in his good time credits without due process of law. A prisoner cannot, in a § 1983 action, initially challenge the fact or duration of his confinement or recover good-time credits lost in a prison disciplinary proceedings. *See Edwards v. Balisok*, 520 U.S. 641, 648, (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Prisoners like Weiss who want to challenge administrative orders revoking good-time credits must seek habeas corpus relief because they are contesting the duration of their custody. *See Edwards*, 520 U.S. at 648; *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Johnson v. Lappin*, 2008 WL 397575 *2 (7th Cir. Feb. 14, 2008) (unpublished). To the extent that Weiss seeks damages for the loss of good-time credits in his prison disciplinary hearing, that claim is not cognizable under § 1983 unless his disciplinary conviction has been overturned. *Edwards*, 520 U.S. at 644-45 (extending *Preiser* and *Heck* to cover a § 1983 damages action for procedural violations allegedly committed in a prison disciplinary hearing that deprived the prisoner of good-time

- 8 -

Case 2:07-cv-00921-JPS   Filed 03/06/08   Page 8 of 13   Document 11

credits); *Heck*, 512 U.S. at 487; *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir.2000). Because Weiss has not had his disciplinary conviction set aside, a § 1983 claim is not the proper mechanism to remedy the alleged violations of his rights, and his due process claim concerning his lost good time credits will be dismissed, without prejudice.

Finally, plaintiff alleges that the defendants failed to protect him from the assault and ensuing threats by inmate Brantley. The Eighth Amendment's Cruel and Unusual Punishment Clause imposes upon prison officials the duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This duty requires prison officials "to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal quotations omitted). To state a failure to protect claim, a plaintiff-inmate must allege that: (1) "he is incarcerated under conditions posing a substantial risk of serious harm"; and (2) defendant-officials acted with "deliberate indifference" to that risk. *Id.* at 832. To satisfy the first prong of a failure to protect claim, considered the objective prong, a plaintiff must allege "not only that he or she experienced, or was exposed to, a serious harm, but also that there was a substantial risk beforehand that that serious harm might actually occur." *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). A beating suffered at the hands of a fellow inmate "clearly constitutes serious harm." *Id.*

Liberally construed, the plaintiff's allegations arguably state an Eighth Amendment failure to protect claim. However, the plaintiff does not provide sufficient information in his complaint to allow the court to determine which of the named defendants were personally involved in the alleged deprivation. Indeed, other than inmate Brantley, none of the defendants are even mentioned in the body of the complaint.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.*

If the plaintiff wishes to proceed on his failure to protect claim, he must file an amended complaint curing the deficiencies noted above with respect to that claim. He must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights. Such amended complaint must be filed on or before April 2, 2008. Failure to file an amended complaint within that time period will result in dismissal of this action.

Plaintiff is advised that because an amended complaint supercedes a prior complaint, any matters not set forth in the amended complaint are then, in effect,

withdrawn. *See Duda v. Board of Ed. Of Franklin Park Public School District No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). If the plaintiff files an amended complaint, it will become the operative complaint in this action and be screened by the court in accordance with 28 U.S.C. § 1915A.

## II. MOTION FOR DISCOVERY

The plaintiff has filed a one-page document which he has asked to be construed as a "Motion for Discovery." This document, in its entirety, states as follows:

> 895.01(1)(d) What actions survive; Action not to abate. 303.21 compensation to injured prisoners 895.443 Physical Injury. Emotional distress, loss or damaged suffring [sic] by members of ceren [sic] groups; Action for:

(Docket #8.)

An order directing that discovery be conducted in this case would be premature since none of the defendants have been served. Moreover, the plaintiff's motion does not comply with Civil Local Rule 7.1 which covers motion practice in this district. Specifically, the plaintiff's motion does not identify the "rule pursuant to which it is made" nor is it accompanied by a supporting brief or a certificate stating that no brief will be filed. Civil Local Rule 7.1(a). Motions that are not in compliance with Civil Local Rule 7.1(a) may be denied "as a matter of course." *Id.* Therefore, the plaintiff's "Motion for Discovery" will be denied.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) be and the same is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court be and hereby is directed to remove the KCDC and the State of Wisconsin from the list of defendants on the docket sheet.

**IT IS FURTHER ORDERED** that defendant Ray C. Brantley, Sr., be and the same is hereby **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's procedural due process claims be and the same are hereby dismissed from this action pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B), as set forth herein.

**IT IS FURTHER ORDERED** that the plaintiff may file an amended complaint on or before **April 2, 2008,** to cure the deficiencies concerning his Eighth Amendment failure to protect claim.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint by April 2, 2008, this action will be dismissed, without prejudice, for failure to prosecute.

**IT IS FURTHER ORDERED** that the plaintiff's "Motion for Discovery" (Docket #8) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's trust account the $333.67 balance of the filing fee by collecting monthly payments from the plaintiff's

trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge