## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MARK A. WEISS,

    Plaintiff,

v.                      Case No. 07-C-921

D. JARVELA, K. MIKUTIS, LT. PUIDOKAS,
J. LAVONOWICH, A. MOLINARO, J. MARSH,
DEPUTY BOLLOUS, KENOSHA COUNTY,
KENOSHA POLICE DEPARTMENT,
KENOSHA COUNTY SHERIFF'S DEPARTMENT,
KENOSHA COUNTY JAIL, and
KENOSHA COUNTY DETENTION CENTER
*sued as officers and workers at KCDC,*

    Defendants.

## ORDER

  The plaintiff, Mark A. Weiss, a prisoner previously confined at the Kenosha County Detention Center (KCDC) and the Kenosha County Jail,[1] filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by various entities. Currently before the court is the plaintiff's amended complaint, filed March 25, 2008. (Docket No. 12.) Also before the court are two other documents (Docket Nos. 14 and 17) filed by the plaintiff on March 25, 2008.

  Upon screening the original complaint, the court permitted the plaintiff to proceed *in forma pauperis*, but dismissed defendant Ray C. Brantley because Mr.

---

[1]Plaintiff was confined at KCDC when he filed his original complaint and at the Kenosha County Jail when he filed his amended complaint. Per a letter filed May 20, 2008, the Kenosha County Sheriff advised the court that "Mark A. Weiss is no longer an inmate in the Kenosha County Detention System." Booking records of the Kenosha County Sheriff indicate that the plaintiff was transferred to the Mendota Mental Health Institute on May 15, 2008.

Brantley was a fellow inmate and not a state actor. (Court's Order of March 6, 2008 at 5,12.) In the same order, the court dismissed the plaintiff's procedural due process claims for loss of good-time credits, placement in disciplinary segregation, loss of job, and inadequate pay due to failure to state a claim. (*Id.* at 5-9, 12.) The court noted that the plaintiff's allegations that the defendants failed to protect him from an assault and threats by inmate Brantley could potentially support an Eighth Amendment failure to protect claim. (*Id.* 9-10.) However, the plaintiff did not provide sufficient information in his complaint to determine which of the named defendants were personally involved in this alleged violation. Therefore, the court directed the plaintiff to file an amended complaint identifying the individual defendants and specifying the manner in which their actions, or failure to take action, violated his constitutional rights with respect to his claim that they failed to take reasonable measures to protect his safety. (*Id.* at 10, 12.)

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

-3-

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## I. SCREENING OF COMPLAINT UNDER 28 U.S.C. § 1915A(a)

### A. Factual Allegations

In his amended complaint, the plaintiff names five defendants: Kenosha County, City of Kenosha Police, Kenosha County Sheriff's Department, Kenosha County Detention Center (*sued as officers and workers at KCDC*), and the Kenosha County Jail. The plaintiff states his claim against these defendants as follows:

> This action involves W.C.C.A. Records., also sexual effenders [sic] registration. This is why Im [sic] haven [sic] problems in the City of Kenosha and State of Wisconsin City Police & Sheriffs Dept. as well. Malpractice, malioues [sic] prosecution crule [sic] and unhumane [sic] punishments by the letter of law. Mental anguish, articals [sic] of the constitutional rights violated by the police & sheriffs dept, due to harassments by call ins from the city & state peoples due from information from computer information. Big time hassled. Was also not able to attend a great uncles funeral due to being locked up on the 26th of February for so called tresspassing [sic] which I was on the phone to you at the time. Another harassment on the 25th at a restaurant. At Villa D'Carlo's which I brought down to the police station and released then the 26th arrested at Motell [sic]. Just was released the 24th of February. Also property damage at Jail was dropped there was no cash bail or bond. Bond in Racine was supose [sic] to be taken care of

by a lawyer Pat Flannagan. Also City Polics [sic] impounded my truck, motorcycle and trumped up charges were put on me.

(Amended Complaint at 3.) The plaintiff further elaborates upon his legal theory:

Malpractice by City of Kenosha State of Wisconsin Judges, Lawyers, Doctors, and Dentists, and Family Health & Social Services Period. True fact. I feel and know I have a lot of evidence on this all. Also City of Racine, City of Richland Center, Dane County as well. City of Madison. Also harassments by officers, inmates about my girlfriend how there [sic] going to perform sex with her or rape her etc.

(Amended Complaint at 4.)

The plaintiff appears to seek compensatory damages as well as injunctive relief. Specifically, he requests:

Injuries for emotional distress, emotional distress [sic], loss and damages suffering. Delfamation [sic] of my reputation, slander of me as a United States citizen. Also want this computer to be deleted because of harassments and untrue talk in public places....

(Amended Complaint at 4-5.)

## B. Analysis

An amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). As the court informed the plaintiff in its initial screening order, "any matters not set forth in the amended complaint are then, in effect, withdrawn." (Court's Order of March 6 at 10-11, citing *Duda*). The plaintiff's amended complaint is now the operative complaint in this case, and the following defendants not named in the amended

-5-

complaint are hereby dismissed: D. Jarvela, K. Mikutis, Lt. Puidokas, J. Lavonowich, A. Molinaro, J. Marsh, and Deputy Bollous.

In his amended complaint, the plaintiff has disregarded the court's March 6, 2008 directive that he specify the manner in which any defendant's actions, or failure to act, violated his constitutional rights by failing to protect his safety. Instead, the plaintiff has apparently abandoned his failure to protect claim and added new claims and parties instead. While plaintiff's amended complaint is unclear, he seems to be listed on a sex offender registry and believes this listing is causing him to be harassed and unjustly arrested. (Amended Complaint at 3.) The plaintiff also alleges that unnamed inmates and officers have harassed him by stating that they will have sex with his girlfriend or rape her. (Amended Complaint at 4.) As a remedy, plaintiff apparently wants both compensatory damages and deletion of his name from the sex offender registry. (Complaint at 4.) In complaining about his apparent inclusion in a sex offender registry, the plaintiff fails to state a claim, as he does not allege that any defendant acted wrongfully in placing him on the registry. The plaintiff does not allege that he is incorrectly listed on the registry, or that the registry itself is unconstitutional.

The plaintiff also fails to state a claim related to his allegations that he has been the victim of "trumped up charges," and improper arrests, as he fails to identify any individual defendants who acted improperly. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not

attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (citations omitted). It is also unclear whether the plaintiff was actually convicted of any of these charges. If these charges resulted in conviction, plaintiff's claims are *Heck*-barred, as a prisoner who seeks damages in a §1983 claim must first bring a habeas corpus claim if his suit calls into question the lawfulness of his conviction and confinement. *Heck v. Humphrey*, 114 S.Ct. 2364, 2369 (1994). A claim is not cognizable under §1983 if it involves the validity of the prisoner's conviction. *Id.*

The plaintiff's claim for "emotional distress" damages related to his incarceration on these "trumped up charges" is also blocked by 42 U.S.C. § 1983(e), which prohibits prisoners from suing for mental or emotional injury unless there is a prior showing of physical injury. The same provision bars plaintiff from seeking damages for the harassment by unnamed officers who plaintiff alleges told him that they would have sex with or rape his girlfriend. *See also DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 1999) (holding that a correctional officer's use of racially derogatory and sexually explicit language does not violate the Constitution). Plaintiff also alleges that he suffered similar harassment by other inmates, but does not name any as defendants, or allege that they acted as state actors. See *Morfin v. City of East Chicago*, 349 F.3d 989, 1002-1003 (7th Cir. 2003) (discussing circumstances in which a private citizen may be considered state actor for purpose of § 1983)).

## II. PLAINTIFF'S OTHER MARCH 25, 2008 FILINGS

In addition to filing his amended complaint (Docket No. 12) on March 25, 2008, the plaintiff also filed two other documents on the same date. The first filing (Docket No. 14) appears to be another complaint, and is captioned "Mark A. Weiss v. Kenosha County Police & Sheriffs Dept. Defendants." In this two-page document, the plaintiff complains that he lost good time and a work crew job as a result of an unspecified disciplinary writeup, and complains that his "case with Judge Wilbur W. Warren is in appeals as well" but he "got nothing but the run around." (Docket No. 14, at 1-2.) With regard to the plaintiff's allegations regarding the loss of his work crew job and good time credits, the court previously ruled that these allegations failed to state a claim. (Court's Order of March 6, 2008 at 5-9.) With regard to the plaintiff's new allegations that his appeals case is not progressing in the manner which he desires, this court lacks jurisdiction.

Plaintiff's other March 25, 2008 filing (Docket No. 17) is a one-page letter to the court. In this letter, the plaintiff: requests a copy of his case file in this case and another case; reiterates his concerns regarding harassment by various individuals and entities; voices displeasure that his competence has been evaluated poorly by a doctor in another case; and alleges that money is missing from one of his accounts. With regard to the plaintiff's request for copies from the file in this case, he is advised that copies can be obtained at the rate of $.25 per page by writing to the Clerk of Court. The court has ruled that the plaintiff's amended complaint

regarding harassment fails to state a claim and the plaintiff's other grievances are not properly before the court.

Accordingly,

**IT IS ORDERED** that defendants D. Jarvela, K. Mikutis, Lt. Puidokas, J. Lavonowich, A. Molinaro, J. Marsh, and Deputy Bollous are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as lacking any arguable basis in law.

**IT IS FURTHER ORDERED** that the Clerk of Court document that the plaintiff has brought an action that was dismissed under 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that the plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's trust account the $130.41 balance of the filing fee by collecting monthly payments from the plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C.

-9-

Case 2:07-cv-00921-JPS   Filed 06/06/08   Page 9 of 10   Document 18

§ 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bona fide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 6th day of June, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-10-

Case 2:07-cv-00921-JPS   Filed 06/06/08   Page 10 of 10   Document 18